IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 3:25-CR-80 |
| Plaintiff | : | |
| | | JUDGE WALTER H. RICE |
| v. | : | |
| CHRISTOPHER DOWTIN | : | NOTICE OF SPEEDY TRIAL CALCULATION |
| BONDARY MCCALL | : | |
| Defendant | | |

Now comes the United States and hereby provides Notice to the Court of the Speedy Trial Calculations in this matter. The speedy trial clock began to count when Defendant McCall made his initial appearance in this district on the Indictment, *i.e.*, October 9, 2025. On October 16, 2025, a Motion to Withdraw as Counsel for Defendant Dowtin was filed. (Doc. 26). Five days had passed for purposes of the speedy trial clock between October 9, 2025 and October 16, 2025. Multiple other Defendant filings (Docs. 30, 31, 33 - 35, 37 – 41, 44 – 48, 51 – 55, 57 – 60, 63 – 65, 67, 68) and a Motion to Withdraw as Counsel for Defendant McCall (Doc. 32) were subsequently filed also tolling speedy trial time.

By Order of the Court (Doc. 69) on December 31, 2025, the Motion to Withdraw as Counsel for Defendant Dowtin (Doc. 26) was resolved. The speedy trial clock resumed after this Order and continued through January 7, 2026, when a Petition (Doc. 71) was filed and overruled (Doc. 72). This added an additional 6 days to the speedy trial clock (11 days total). The clock resumed on January 8, 2026. On January 12, 2026, this Court issued a Trial Schedule setting this matter for trial on February 19, 2026, which had been discussed by and agreed to by the parties in a telephone conference on January 9, 2026. (Doc. 75). Thus, the government believes

that an additional four days passed before that Order. Thus, a total of 15 days of passed for purposes of speedy trial through the February 19, 2026 trial date.

However, given both Defendants' continuing objection to these proceedings and the Court's jurisdiction over this criminal case, argument could be made that Defendants did not consent to the new date. Should the time between January 12, 2026 and trial on February 19, 2026 not toll by Defendants' consent, the government provides the following additional analysis. On January 14, 2026, during a conference call with the Court, the government made an oral motion for a *Lafler* hearing (tolling the clock); the hearing was set for January 23, 2026.

The speedy trial clock resumed on January 8, 2026 and continued counting until January 14, 2026, adding six days to the original 11 days (now 17 days total). At the *Lafler* hearing on January 23, 2026, this Court made an ends of justice finding through January 30, 2026 to allow for Defendants to consider the plea offers, thus tolling the clock through January 30, 2026.

Defendant McCall recently filed additional motions: a Petition (Doc. 78) on January 16, 2026, a Motion (Doc. 81) on January 21, 2026, and another Motion (Doc. 82) on January 22, 2026, which are currently tolling the time until this Court rules on them. Thus, the government believes only 17 days have passed for purposes of the speedy trial clock.

        Respectfully submitted,

        DOMINICK S. GERACE II
        United States Attorney

        s/Amy M. Smith
        AMY M. SMITH (0081712)
        ERICA D. LUNDERMAN (0098342)
        Assistant United States Attorney
        200 West Second Street, Suite 600
        Dayton, Ohio 45402
        Tel: (937) 225-2910
        Fax: (937) 225-2564
        Amy.Smith2@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served on defendants' standby counsel on the same date as filing via the Court's ECF System and a filed copy will be emailed to each defendant at the email address he provided.

                                            s/Amy M. Smith
                                            AMY M. SMITH
                                            Assistant United States Attorney