IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,  :

      Plaintiff,

v.                :      Case No. 3:25-CR-80

CHRISTOPHER DOWTIN &
BONDARY MCCALL,             JUDGE WALTER H. RICE

      Defendants,  :

---

DECISION AND ENTRY SUSTAINING UNITED STATES' MOTION IN
LIMINE TO PROHIBIT JURY NULLIFICATION AND MISTAKE OF
LAW ARGUMENTS (DOC. #98) AND ADDRESSING SOVEREIGN
CITIZEN ARGUMENTS

---

On February 9, 2026, Plaintiff United States of America ("the Government")

filed a motion in limine seeking to preclude Defendants Christopher Dowtin

("Dowtin") and Bondary McCall ("McCall") (collectively "Defendants") from

making certain arguments before the jury. Doc. #98. For the reasons stated herein,

the Government's Motion in Limine to Prohibit Jury Nullification and Mistake of

Law Arguments[1] before the jury, Doc. #98, is SUSTAINED.

---

[1] The title of the motion does not include their attempt to limit Defendants' arguments relating to sovereign citizen ideology. However, the text of the motion discusses that topic and the Court rules upon it in this Decision.

## I.      Legal Standard

Although neither the Federal Rules of Evidence nor the Federal Rules of Criminal Procedure explicitly authorizes the Court to rule on an evidentiary motion in limine, the Supreme Court has noted that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose of a motion in limine is to allow the Court to rule on issues pertaining to evidence in advance of trial in order both to avoid delay and ensure an evenhanded and expeditious trial. *See Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)). Also, pretrial orders often save the parties time and costs in preparing for trial and presenting their cases.

Courts are generally reluctant to grant broad exclusions of evidence in limine, however, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). A court should not make a ruling in limine unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible. *Indiana Ins. Co.*, 326 F. Supp.2d at 846; *Koch*, 2 F. Supp.2d at 1388. If this high standard is not met, evidentiary rulings should be deferred so that the

2

issues may be resolved in the context of the trial. *Indiana Ins. Co.*, 326 F. Supp.2d at 846.

Relevant evidence is defined under Fed. R. Evid. 401 as "'[E]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006) (citing *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998)). Relevant evidence may not be excluded "if it has the slightest probative worth" and "'[E]ven if a district court believes the evidence is insufficient to prove the ultimate point for which it is offered." *Id.* (citation omitted). Under Rule 403, however, "courts may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II.     Analysis

The Government puts forth three categories of arguments it wishes to prevent Defendant from presenting to the jury: (1) arguments relating to sovereign citizen ideology; (2) arguments relating to jury nullification; and (3) arguments related to a defense based on the premise that Defendants were mistaken as to the law. Doc. #98, PageID #558–62.

## A.    Sovereign Citizen Ideology

The Court has already recognized that Defendants appear to adhere to sovereign citizen ideology. *See* Doc. #61, PageID #302–06. Individuals who advance such ideals commonly believe that federal courts have no jurisdiction over them or that they may opt to have their criminal charges heard under equity. *See, e.g., United States v. Cook*, No. 3:18-cr-19, 2019 WL 2721305 (E.D. Tenn. June 28, 2019); *United States v. Lavigne*, No. 21-20355, 2022 WL 2276331 (E.D. Mich. June 23, 2022). These theories have been roundly rejected by every court to which they have been presented. *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases).

The Government specifically asks the Court to

prohibit Defendants from arguing they are private trusts, that the flesh and blood man was not properly charged, that a commercial entity or utility was charged, that there is unique meaning to the charging documents using names in all capital letters, that he/they are a trustee or grantor over the charged entity/utility, that this matter should be resolved in equity, and that this Court does not have jurisdiction over him.

Doc. #98, PageID #559. It further argues that those potential arguments, as well as other ideals commonly associated with the sovereign citizen movement, have no basis in law and would confuse the jury, meriting exclusion under Fed. R. Evid. 401, 402, and 403.

4

The Government also notes that as part of establishing the elements of the offense to which Defendants are charged, it may elicit testimony about "certain ideologies." Doc. #98, PageID #560. For example, to establish that Defendants filed a false lien, they will need to discuss and prove that they filed the relevant UCC statements. However, the Government seeks to restrain Defendants from opening the door further into sovereign citizen ideologies that are contrary to law and asks the Court to bar Defendants from "further arguing their ideological arguments."

The Court finds the Government's position well taken. The UCC will undoubtedly be discussed during trial, but its discussion will be restrained to its proper legal use. Any attempt by Defendants to make arguments concerning the use of the UCC that is contrary to law will be barred. These potential arguments are contrary to prevailing law and are not fit to be argued before a jury. Therefore, the Court SUSTAINS the portion of the Government's motion relating to sovereign citizen ideology.

### B. Jury nullification

The Government also seeks to prevent Defendants from arguing for acquittal "because they followed a different set of beliefs" or for any reason beyond the facts and law of the case. Doc. #98, PageID #560. In effect, it attempts to bar Defendants from arguing for jury nullification.

As a recent case in this district stated:

5

Jury nullification is the "unreviewable and unreversible power in the jury, to acquit in disregard of the instructions on the law given by the trial judge." *United States v. Dougherty*, 473 F.2d 1113, 1132 (D.C. Cir. 1972). The doctrine embraces the idea that the jury may "as a buffer between the accused and the state . . . reach a verdict despite what may seem clear [under the] law." *United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988). To that end, the jury supplies "play in the joints" within our judicial system by providing "a safety valve for exceptional cases." *Dougherty*, 473 F.2d at 1134.

While juries have the power of nullification, "courts will not encourage this, provide jury instructions acknowledging it, or allow lawyers to argue overtly for it." *Wofford v. Woods*, 969 F.3d 685, 709 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1745 (2021). Courts that have considered whether jury instruction on nullification should be permitted "almost uniformly held that a criminal defendant" has no such right. *United States v. Trujillo*, 714 F.2d 102, 105–06. (11th Cir. 1983) (collecting Circuit cases). This view is shared by the Sixth Circuit. *Krzyske*, 836 F.2d at 1021 ("[W]e are compelled to approve the district court's refusal to discuss jury nullification with the jury. To have given an instruction on nullification would have undermined the impartial determination of justice based on law.").

*United States v. Georges*, No. 2:20-cv-157(2), 2021 WL 4191223 (S.D. Ohio Sept. 15, 2021) (Marbley, C.J.). The fact that Defendants are proceeding pro se, rather than being represented by an attorney, does not alter the fundamental holding: a criminal defendant may not overtly argue in favor of jury nullification. Therefore, the Government's motion is SUSTAINED as to jury nullification.

## C. Mistake of Law

In its final request, the Government seeks "to prohibit Defendants from arguing that, by virtue of their beliefs, they were mistaken as to the law." Doc. #98, PageID #561. "The general rule that ignorance of the law or a mistake of law is no

6

defense to criminal prosecution is deeply rooted in the American legal system."
*Cheek v. United States*, 498 U.S. 192, 199 (1991). Given the extent of the Government's request, the Court need not go further. Binding precedent makes clear that Defendants are barred from arguing to the jury or attempting to present evidence based on the premise that they were mistaken as to the law. The Government's motion is SUSTAINED.

## III.    Conclusion

For the reasons stated herein, the United States' Motion in Limine to Prohibit Jury Nullification and Mistake of Law Arguments, Doc. #98, is SUSTAINED.

Date: February 17, 2026

_____

WALTER H. RICE
UNITED STATES DISTRICT JUDGE